# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ty Kempton,<br><br>        Plaintiff,<br><br>v.<br><br>Life for Relief and Development Incorporated,<br><br>        Defendant. | No. CV-19-02156-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss, Transfer, or Stay (Doc. 16). Plaintiff filed a Response (Doc. 18), and Defendant filed a Reply (Doc. 23).

**I.    BACKGROUND**

From late 2017 to August 2019, Plaintiff Ty Kempton allegedly received eight unsolicited text messages from Defendant Life for Relief and Development[1] ("Life for Relief"). (Doc. 1 ¶¶ 14-15). For example, Plaintiff alleges that on June 16, 2018, he received an unsolicited text message from Life for Relief stating, "Eid Mubarak[2] to you and your family from Life for Relief and Development. Please visit us at lifeusa.org. http://www.lifeusa.org/worldcup Reply stop to stop." (*Id.* ¶ 16) (internal quotation and alteration omitted)). Plaintiff claims that these eight text messages violated the Telephone

---

[1] Life for Relief is a global humanitarian not-for profit organization that is operated and controlled by Americans citizens and headquartered in Southfield, Michigan.

[2] Eid Mubarak is a traditional Muslim greeting reserved for the holy festivals of Eid al-Fitr and Eid al-Adha and means "Holiday Blessings." *Totten v. Caldwell*, 2012 WL 3965045, at *5 (E.D. Mich. July 31, 2012), *report and recommendation adopted*, 2012 WL 3964989 (E.D. Mich. Sept. 11, 2012).

Consumer Protection Act's ("TCPA") restriction against using an automatic telephone dialing system ("ATDS") to send text messages to cellular telephone numbers without the cellular telephone subscribers' consent. Plaintiff claims the texts harmed him by "disturbing [his] use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone." (*Id.* ¶ 20).

Plaintiff initially filed this suit in United States District Court for the Eastern District of Michigan on October 31, 2018 ("Michigan Case"). Class Action Complaint, *Kempton v. Life for Relief and Development*, No. 3:18-cv-13404 (E.D. Mich. Oct. 31, 2018), ECF No. 1. Plaintiff then filed an Amended Complaint in the Michigan Case on February 1, 2019. Amended Class Action Complaint, *Kempton*, No. 3:18-cv-13404 (E.D. Mich. Feb. 1, 2019), ECF No. 9. Life for Relief subsequently filed a Motion to Dismiss, arguing that Plaintiff failed to plead facts to state a claim for relief because, in the Eastern District of Michigan, a plaintiff must provide evidence of something more than just the use of an automated testing system to prove that the defendant used an ATDS in violation of the TCPA. *See* Motion to Dismiss, or in the Alternative, Stay, and to Strike Pleadings, *Kempton*, No. 3:18-cv-13404 (E.D. Mich. Feb. 19, 2019), ECF No. 10. Instead of responding to Life for Relief's Motion to Dismiss, Plaintiff voluntarily dismissed his case on March 14, 2019.[3] Notice of Voluntary Dismissal, *Kempton*, No. 3:18-cv-13404 (E.D. Mich. March 14, 2019), ECF No. 14.

On April 2, 2019, Plaintiff filed his Complaint here, which substantively is almost identical to his Amended Complaint in the Michigan Case. (Doc. 1). As with the Michigan Case, this action is a putative class action that stems from Life for Relief's alleged violations of the TCPA. On July 1, 2019, Life for Relief filed the pending Motion to Dismiss, Transfer, or Stay. (Doc. 16). Plaintiff filed a Response (Doc. 18) and Life for Relief filed a Reply (Doc. 23).

---

[3] Plaintiff even sought additional time to respond to Life for Relief's Motion to Dismiss, which the court granted. Plaintiff's response was therefore due on March 14, 2019. However, instead of responding to Life for Relief's Motion, Plaintiff filed his Voluntary Dismissal on that day.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In making this determination, a court must balance numerous factors, including: (1) the plaintiff's choice of forum; (2) the forum that is most familiar with the governing law; (3) convenience of the parties; (4) convenience of the witnesses; (5) the differences in the costs of litigation in the two forums; and (6) the ease of access to the evidence. This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (noting that this list of factors "does not exhaust the possibilities" and comparing the factors in *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986), with those analyzed in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000)).

When weighing these factors, a court must be cognizant of the "strong presumption in favor of plaintiff's choice of forums" and should not grant transfers freely. *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003) (citation omitted), *vacated on other grounds*, 542 U.S. 952 (2004); *see also Decker Coal*, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). Transfer is not appropriate if the result is merely to shift the inconvenience from one party to another. *Gherebi*, 352 F.3d at 1303 ("Section 1404(a) provides for transfer to a more convenient forum, 'not to a forum likely to prove equally convenient or inconvenient.'") (quoting *Van Dusen*, 376 U.S. at 645-46)). Thus, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

### 1. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum alone is not controlling in this matter. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (finding that section 1404(a) accords broad discretion to district courts, and plaintiffs' choice of forum is only one relevant factor for their consideration). Though generally, a plaintiff's choice of forum receives deference in a motion to transfer venue, in class actions, a plaintiff's choice of forum is often accorded less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."). In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping. *See Roling v. E*Trade Sec., LLC*, 756 F.Supp.2d 1179, 1185–86 (N.D. Cal. 2010); *Foster v. Nationwide Mut. Ins. Co.*, 2007 WL 4410408 at *2 (N.D. Cal. Dec. 14, 2007) ("Where forum-shopping is evident . . . courts should disregard plaintiff's choice of forum."). Similarly, a plaintiff's choice of forum is entitled to minimal deference if the plaintiff chose the forum to escape an unfavorable ruling in a different district. *See Wireless Consumers Alliance, Inc. v. T–Mobile USA, Inc.*, 2003 WL 22387598, at *6 (N.D. Cal. Oct. 14, 2003) ("Dismissal, followed by the reinstitution of a case to avoid a particular judge or precedent, is exactly the kind of forum shopping anticipated and expressly prohibited by local rules of many districts.").

Life for Relief asserts that the deference usually given to Plaintiff's choice of forum should be given little to no weight because this is a putative class action and because there are indications of forum shopping by Plaintiff. The Court agrees. Plaintiff's strategic maneuvering raises the inference of forum shopping. Plaintiff initially filed this case in the Eastern District of Michigan and litigated the matter there for approximately four months before voluntarily dismissing the case when face with Life for Relief's Motion to Dismiss. Then, less than three weeks later, Plaintiff initiated this action by filing a nearly identical Complaint to the Michigan Case's Amended Complaint. Plaintiff argues that there was nothing nefarious about his choice to dismiss the Michigan Case and refile his case here; rather it was a choice out of convenience because he is an Arizona resident.

(Doc. 18 at 7-8). However, the facts show that Plaintiff choose to litigate this suit in Eastern District of Michigan until he was presented with a Motion to Dismiss that pointed out the district's precedent on TCPA actions and the deficiencies in his Amended Complaint. At that point, he voluntarily dismissed his Complaint, only to refile in a jurisdiction that does not have the same TCPA precedent. *See Martin v. Glob. Tel\*Link Corp.*, 2015 WL 2124379, at \*4 (N.D. Cal. May 6, 2015) ("Even though the plaintiff resides in this District, his initial selection of the Southern District undercuts his argument that he considers the Northern District a more convenient forum—and suggests his interest in maintaining the lawsuit here may instead be due to strategic considerations.")

Not only is the instant action a putative class action, but notably, Plaintiff did not initially choose this forum, despite residing here. To the contrary, Plaintiff instituted this action in the Eastern District of Michigan, and only chose this district as a fallback option. Given Plaintiff's strategic procedural maneuvering and because this case involves class action litigation, the Court will accord no deference to Plaintiff's choice of forum.

### 2. *Forum Most Familiar with Governing Law*

Neither party puts forth arguments as to whether Arizona or Michigan is more familiar with the governing law. However, the Court notes that the TCPA is a federal statute. Both this district and the Eastern District of Michigan are equally familiar with the law. Accordingly, neither venue is more convenient on this basis and this factor is therefore neutral.

### 3. *Convenience of the Parties*

"Convenience of the parties is an important factor to consider for transfer of venue." *Flint v. UGS Corp.*, 2007 WL 4365481, at \*3 (N.D. Cal. Dec. 12, 2007). Even though Plaintiff resides in Arizona, his initial selection of the Eastern District of Michigan undercuts his argument that he considers Arizona a more convenient forum, and suggests his interest in maintaining the lawsuit here may instead be due to strategic considerations. The Eastern District of Michigan will be a more convenient forum for Life for Relief, because it is headquartered there. Thus, this factor favors transfer.

1.        **4.**   *Convenience of the Witnesses*

The convenience of non-party witnesses is the most important convenience factor; more important that the convenience of party witnesses. *See, e.g., Kaur v. U.S. Airways, Inc.*, 2013 WL 1891391, *5 (N.D. Cal. May 6, 2013). However, convenience of a litigant's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue. *Shore to Shore Props., LLC v. Allied World Assurance*, 2011 WL 4344177, at *3 (N.D. Cal. Sept. 15, 2011). Here, neither Life for Relief or Plaintiff have not identified any third-party witnesses who are likely to testify. Therefore, this factor is neutral.

       **5.**   *Differences in the Cost of Litigation*

Litigation costs weigh in favor of transfer to the Eastern District of Magician, with regard to both documentary and testamentary evidence. The crux of Plaintiff's allegations is that Life for Relief used an ATDS to send him text messages without his consent. Therefore, the majority of documentary evidence will likely be documents pertaining to Life for Relief's business practices and procedures, which are most likely to be found at their Michigan headquarters. Plaintiff, on the other hand, can be expected to contribute comparatively little documentary evidence to this action. Although developments in electronic conveyance have reduced the cost of document transfer somewhat, the cost of litigation will be substantially lessened if the action is venued in the same district where most of the documentary evidence is found. A reduction in document sharing and litigation costs serves both parties as well as the public interest. Accordingly, this factor weighs in favor of transfer.

       **6.**   *Ease of Access to the Evidence*

As with the previous factor, the majority of evidence and witnesses will likely be in the Eastern District of Magician. Accordingly, this factor weighs in favor of transfer.

**III. CONCLUSION**

Having considered the relevant factors, the Court finds Life for Relief has made the "strong showing" required for transfer under Section 1404(a). *Decker Coal*, 805 F.2d at

843. Thus, the Court will grant Life for Relief's request to transfer. Transferring this action to the Eastern District of Michigan likely moots Life for Relief's request to dismiss for lack of personal jurisdiction. However, the Court will not address the merits of Life for Relief's request to stay this action and will instead leave that to the discretion of the Eastern District of Michigan.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss, Transfer, or Stay (Doc. 16) is **GRANTED in part and DENIED in part.** The Court grants Defendant's request to transfer this action to the Eastern District of Michigan, declines to rule on the merits of Defendant's request to stay this action, and denies Defendant's request to dismiss as moot.

**IT IS FURTHER ORDERED** directing the Clerk of Court to take all necessary steps to ensure the prompt transfer of this action to the United States District Court for the Eastern District of Michigan.

Dated this 15th day of October, 2019.

Honorable Diane J. Humetewa
United States District Judge